IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOCAL UNION NO. 313 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS OF, WILMINGTON DELAWARE HEALTH AND WELFARE FUND, et al.<br><br>　　　　Plaintiffs<br><br>　　v.<br><br>BAY ELECTRIAL CONTRACTORS, INC.<br>　　a/k/a Bay Electrical Services, LLC<br>　　a/k/a Bay Electrical Services<br><br>　　　　Defendant | : Civil Action No. 05-691 (KAJ)<br>:<br>:<br>:<br>: Trial By Jury Demanded<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ANSWER TO COMPLAINT BY BAY ELECTRICAL CONTRACTORS, INC.

AND NOW COMES Bay Electrical Contractors, Inc., who does file the following Answer to Plaintiff's Complaint.

### JURISDICTION

1.　Denied as a conclusion of law.

2.　After reasonable investigation, the answering Defendant is without knowledge or information sufficient to set forth a response to this paragraph and it is thusly deemed denied as a matter of law.

### VENUE

3.　Admitted.

### PARTIES

4.　Admitted upon information and belief.

5.　Admitted in part, denied in part. It is specifically denied that Bay Electrical

Contractors, Inc. is also known as Bay Electrical Services, LLC and/or also known as Bay Electrical Services. Bay Electrical Services, LLC is a separate corporate enterprise and the attempt herein to, in effect, pierce corporate veils between two separate corporate entities cannot be countenanced by this Court.

5.(sic) Denied. Bay Electrical Contractors, Inc. has been defunct since June 30, 2004. The defendants note as designated in 5 above, that they are not the same entity as Bay Electrical Services, LLC nor are they known as Bay Electrical Services.

## COMMON FACTS

6. Admitted.

7. Admitted.

8. Denied as to the whole and as to each subpart. The contract speaks for itself.

9. Denied. The contract speaks for itself.

10. After reasonable investigation, the answering Defendant is without knowledge or information sufficient to set forth a response to this paragraph and it is thusly deemed denied as a matter of law.

## COUNT I – CONTRIBUTIONS UNDER CONTRACT

## PLAINTIFFS

v.

## COMPANY

11. Answering Defendant incorporates by reference its responses to all prior paragraphs including the two paragraphs designated as number 5 as if specifically pled.

12. Denied.

13. Admitted in part, denied in part. It is admitted that the answering Defendant,

Bay Electrical Contractors, is currently in arrears to the Plaintiff. It is specifically denied that it is in arrears to the sum as designated in paragraph 12 above. To the contrary, arrears total less than $2,000.00

WHEREFORE, answering Defendant demands judgment be entered in its favor as to the contentions set forth within this Count. Alternatively, the answering Defendant asks that the Court grant such other relief, whether it be legal or equitable as may be deemed just, necessary or appropriate.

## COUNT II – CONTRIBUTIONS UNDER ERISA

### PLAINTIFFS

### v.

### COMPANY

14. Answering Defendant incorporates by reference its responses to all prior paragraphs including the two paragraphs designated as number 5 as if specifically pled.

15. The answering Defendant denies that it owes the amount designated within this paragraph. Once again, answering Defendant notes that it has been defunct as of June 30, 2004. The time period thus designated within the Complaint is a four month time frame of March through June 30, 2004.

16. Denied.

WHEREFORE, answering Defendant demands judgment be entered in its favor as to this Count and against the Plaintiffs.

## COUNT III – AUDIT

### PLAINTIFFS

v.

## COMPANY

17. Answering Defendant incorporates by reference its responses to all prior paragraphs including the two paragraphs designated as number 5 as if specifically pled.

18. Admitted.

19. Admitted.

18. (sic) After reasonable investigation, the answering Defendant is without knowledge or information sufficient to set forth a response to this paragraph and it is thusly deemed denied as a matter of law.

19. (sic) After reasonable investigation, the answering Defendant is without knowledge or information sufficient to set forth a response to this paragraph and it is thusly deemed denied as a matter of law.

20. Admitted. By way of further response, the answering Defendant notes that its books have been and continue to be available for audit. The answering Defendant avers that it has contacted the Plaintiffs and attempted to make its books available for audit, yet the complaining Plaintiff has, with unclean hands, failed to take advantage of said offer.

21. Admitted, and once again, Defendants note that it has attempted to comport with this averred duty.

22. Denied. The answering Defendants aver that the Plaintiff has failed to take advantage of the opportunities offered to it to audit Defendants books. If the Plaintiff had bothered to follow through in these regards, it would have determined

that Bay Electrical Contractors, Inc. is a completely separate corporate entity apart from Bay Electrical Services, LLC and has been defunct since June 30, 2004.

23. Denied.

WHEREFORE, the answering Defendant asks that this Court refuse to enjoin the company in these respects in that conditions precedent to equitable relief herein have not been met by the Plaintiffs.

## COUNT IV – CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### PLAINTIFFS

### v.

### COMPANY

24. Answering Defendant incorporates by reference its responses to all prior paragraphs including the two paragraphs designated as number 5 as if specifically pled.

25. Denied.

26. Denied.

WHEREFORE, answering Defendant demands judgment in its favor and against the Plaintiffs herein.

## COUNT V – CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### PLAINTIFFS

### v.

### COMPANY

27. Answering Defendant incorporates by reference its responses to all prior paragraphs including the two paragraphs designated as number 5 as if specifically pled.

28. Denied.

29. Denied as stated. Defendant corporation has been defunct since June 30, 2004.

30. Denied.

WHEREFORE, answering Defendant demands judgment be entered in its favor and against the Plaintiffs herein.

## COUNT VI - INJUNCTION

### PLAINTIFFS

v.

### COMPANY

31. Answering Defendant incorporates by reference its responses to all prior paragraphs including the two paragraphs designated as number 5 as if specifically pled.

32. Denied.

33. Denied.

34. Denied.

WHEREFORE, the answering defendant notes that the conditions precedent for a permanent restraining order herein have not been met by the Plaintiffs via series of conclusory paragraphs which fail to acknowledge even the fact that the Defendant herein has been defunct since June 30, 2004. With said underlying conditions precedent having failed to have been met herein through these conclusory allegations, the answering Defendant demands judgment be entered in its favor and against the Plaintiff herein.

## AFFIMATIVE DEFENSES

1. As a first and separate affirmative defense, the Complaint as pled fails to state a claim upon which relief can be granted.

2. As a second and separate affirmative defense, the Plaintiff's claim is barred by the doctrine of unclean hands.

3. As a third and separate affirmative defense, the answering Defendant avers that conditions precedent for equitable relief have not been met herein in that Defendant has and continues to offer its books for audit in these regards which would confirm the fact that Bay Electrical Contractors, Inc. is a separate entity, and discreet corporate entity from Bay Electrical Services, LLC. Furthermore, it would show that claimed arrearages do not exceed the sum of $2,000.00.

4. As a fourth and separate affirmative defense, the answering Defendant avers that the Plaintiffs have failed to appropriately mitigate their damages by taking advantage of the offers of Defendant to facilitate an audit of its books.

5. As a fifth and separate affirmative defense, the answering Defendant notes that with it being defunct, it is not in a position to effect interstate commerce within the meaning of 29 U.S.C. Section 152(5, 6 and/or 7), 29 U.S.C. Section 185(a) and/or 29 U.S.C. Section 1002 (4, 11, and/or 12).

6. As a sixth and separate affirmative defense, the answering Defendant avers that Plaintiffs are estopped from proceeding with this action due to their failure to respond to the offers to facilitate audit herein and to determine an appropriate amount, if any, which may be outstanding herein.

7. As a seventh and separate affirmative defense, the answering Defendant avers that

the Plaintiff's cause of action is barred by the doctrine of waiver.

                              ROBINSON GRAYSON & DRYDEN, P.A.

                              /s/ Stephen D. M. Robinson
                              Stephen D. M. Robinson, No. 115
                              Stephen F. Dryden, No. 2157
                              910 Foulk Road, Suite 200
                              Wilmington, DE 19803
                              Attorney for Defendant

Date: 12/15/05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOCAL UNION NO. 313 OF THE INTERNATIONAL BROTHERHOOD ELECTRICAL WORKERS OF, WILMINGTON DELAWARE HEALTH AND WELFARE FUND, et al.<br><br>  Plaintiffs<br><br>v.<br><br>BAY ELECTRIAL CONTRACTORS, INC.<br>  a/k/a Bay Electrical Services, LLC<br>  a/k/a Bay Electrical Services<br><br>  Defendant | : Civil Action No. 05-691 (KAJ) |

## CERTIFICATE OF SERVICE

**I, STEPHEN F. DRYDEN, ESQUIRE**, an attorney with Robinson Grayson & Dryden, P.A., do hereby certify that two copies of the foregoing, Answer to Complaint By Bay Electrical Contractors, Inc. were served, via First Class U.S. Mail on this 15th day of December, 2005 upon the following:

Rick S. Miller, Esquire
Ferry, Joseph & Pearce, P.A.
824 N. Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

_____
Stephen F. Dryden